DETERMINED IN THE

## FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEAR 1908.

---

### Adam Schillo Lumber Company v. Joseph Bemben.

#### Gen. No. 13,680.

1. MASTER AND SERVANT—*when doctrine of assumed risk applies.* A servant cannot recover for injuries occurring to him from risks known to him or of which knowledge is imputable to him.

2. MASTER AND SERVANT—*when former owes no duty to latter.* A master owes no duty to a servant to protect him from hazards encountered in the usual and ordinary method of doing the work at which he is employed, where such hazards are as well known and are as apparent to the servant as to the master.

Action in case for personal injuries. Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in this court at the October term, 1907. Reversed. Opinion filed March 19, 1908.

O. W. DYNES, for plaintiff in error.

No appearance by defendant in error.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

Parties will be referred to in this opinion as in the Municipal Court.

Joseph Bemben, the plaintiff, was, at the time of suffering the injury complained of, a laborer in the lumber yard of

628

Schillo Lumber Co. v. Bemben.

defendant, engaged, among other things, in piling lumber. On October 8, 1906, while working in defendant's lumber yard and during a 45-mile-an-hour gale of wind, a stick of lumber from an incompleted pile was blown off by force of the wind and struck plaintiff upon the head, injuring him. A trial in the Municipal Court before judge and jury resulted in a verdict and judgment for $100. This writ of error is prosecuted in pursuance of the provisions of the Municipal Court Act, and the writ having been made a *supersedeas* by order of this court, the record is before us for review on the errors assigned.

The errors argued for a reversal are substantially that the judgment is contrary to the evidence; that the doctrine of assumed risk is a complete defense, and error in not allowing defendant's motion to direct a verdict in its favor at the close of all the proofs.

The amended bill of particulars states plaintiff's cause of action as being for damages for an injury to his head received while employed by defendant in its lumber yard, and occasioned through the negligence of defendant in allowing a certain board to fall or be blown from a certain pile of lumber, striking plaintiff on the head while performing his duties.

The negligence relied upon as constituting a right of recovery arises from the alleged failure of defendant to so fasten the pile and secure the lumber that none of it would fall off or be blown off.

The evidence demonstrates that when piles of lumber are completed, the custom of the yard is to make them secure by "topping" them off, as it is called, which consists in placing a hood of boards on the top and wiring them down. When secured in this way a board is not liable to be blown from the top. The evidence establishes as a fact that at the time of plaintiff's injury the board which struck him on the head was blown from an unfinished pile, a pile not ready for the "topping" process.

It is not denied that plaintiff, at the time of his injuries, was engaged in doing work within the scope of his employ-

ment, or that the hazards attending such work were not known to him. The fact that in a strong gale of wind boards were liable to blow off lumber piles in course of construction, or in being torn down and therefore not "topped off," and to fall upon the yard workers, injuring them, was obvious and apparent to every reasonable person, is not disputed. Plaintiff, so knowing, or such knowledge being imputable to him, charges him with having assumed the risk encountered from such obvious dangers. It is likewise true that defendant owed no duty to plaintiff to protect him from injuries incurred from hazards encountered in the usual and ordinary manner of doing the work at which plaintiff was employed, hazards as well known and apparent to plaintiff as to defendant. It was not negligence in defendant not to "top off" the incompleted pile of lumber from which the board was blown by the gale of wind, striking defendant.

An instructive case, conclusive in its reasoning and analogies upon plaintiff's rights, is McCormick Harvester Machine Co. v. Zakzewski, 220 Ill., 522. Zakzewski was injured by the falling of a lumber pile covered with ice, adjoining a similar pile, which he was engaged in unstacking. The negligence resulted in the falling of the pile was averred to consist in not using cross pieces between the boards in stacking. The Supreme Court held that as the plaintiff had full opportunity of observing the manner in which the pile had been stacked, as a matter of law, he assumed the risk.

It is not open to doubt that the injury to plaintiff was the result of an accident pure and simple over which none of the parties had any power or control, any more so than they could have affected the velocity of the wind or its antics with the lumber piles in the yard. One of the witnesses testified that the wind was of hurricane force, that it swooped down and picked up everything.

The Municipal Court erred in not directing a verdict for defendant, as requested, as the evidence, with all reasonable inferences to be drawn therefrom, failed to establish any actionable negligence attributable to defendant. As said in the Zakzewski case, supra. "The peremptory instruction

offered at the close of all the evidence should have been given."

For the errors indicated the judgment of the Municipal Court is reversed.

*Reversed.*